IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SHANE VANDERMOLEN                                                                    PLAINTIFF

V.                                       CIVIL NO. 6:12-CV-06121

MICHELLE REEVES;
LT. RADLEY; and
CAPTAIN BRAINSETTER                                                               DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Shane Vandermolen originally filed this case *pro se* pursuant to 42 U.S.C. § 1983 on October 10, 2012 in the Eastern District of Arkansas.  ECF No. 1.  It was transferred to this Court on October 18, 2012.  ECF No. 5.  Now before the Court are Plaintiff's failures to comply with the Court's orders and prosecute this matter.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 17.  Pursuant to this authority, the Court issues this order

I.      BACKGROUND

At the time Plaintiff filed his Complaint, October 10, 2012, he was incarcerated in the Garland County Detention Center in Hot Springs, Arkansas.  This remains Plaintiff's address of record.

On July 11, 2014, the Court granted Defendants Motion to Compel and directed Plaintiff to respond to Defendants' discovery requests by August 1, 2014.  ECF No. 40.  Defendants filed a notice with the Court indicating Plaintiff failed to respond to the discovery requests by the Court-

1

imposed deadline. ECF No. 41.

On September 29, 2014, the Court entered an Order to Show Cause directing Plaintiff to show cause why he failed to comply with the Court's Order compelling discovery production. The Court gave Plaintiff until October 14, 2014 to respond to the Show Cause Order and respond to Defendants' discovery request. ECF No. 42. Plaintiff failed to do so, and the Order to Show Cause was not returned to the Court as undeliverable mail.

Plaintiff has not filed any document with the Court or attempted to communicate with the Court in any way since August 29, 2013.

## II.  APPLICABLE LAW

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possess the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply

with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

## III. DISCUSSION

Plaintiff failed to comply with two Court Orders—the Court's July 11, 2014 Order compelling discovery responses and the September 29, 2014 Order to Show Cause. Further, Plaintiff has not communicated with the Court in over a year. Lastly, all Court orders and other communications sent to Plaintiff's address of record have not been returned as undeliverable mail.

Even though the Court's Orders sent to Plaintiff at his address of record were not returned as undeliverable, the Court cannot find a clear record of delay or contumacious conduct by the plaintiff. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) the Court recommends Plaintiff's Complaint be dismissed without prejudice.

Accordingly, Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this action. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

**IV.     CONCLUSION**

For the foregoing reasons, Plaintiff's Complaint (ECF No. 2) is hereby **DISMISSED** without prejudice on the grounds that Plaintiff has failed to comply with the Local Rules and the Court's Orders.

**IT IS SO ORDERED this 16th day of October 2014.**

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE